UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 13-94-HRW

TEDDY ALBERT ALLMAN.,                                                    PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

CORRECTCARE INTEGRATED HEALTH CARE, INC.,
and
CAROL CORNETT, ARPN,                                                     DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Summary Judgment [Docket No. 23]. Plaintiff has not responded to the motion and the time for doing so has long since passed.

If for no other reason, it would be entirely proper to grant the Defendant's dispositive motion based on Plaintiff's failure to respond thereto as required by Rule 7.1(c)(1) of the Joint Local Rules of the Eastern and Western Districts of Kentucky. Local Rule 7(c)(1) specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion." Based on the current state of the record, it appears that the Defendants' motion should be sustained on its merits as well.

Plaintiff Teddy Albert Allman alleges that Defendants CorrectCare Integrated Health, Inc. And Carol Cornett, ARPN provided him with inadequate health in violation of the Eight Amendment. He also asserts that they were negligent. During the time relevant to this civil action, Allman was incarcerated at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky.

Pursuant to an agreement with the Kentucky Department of Corrections ("DOC"), CorrectCare is obligated to provide two types of services to inmates at certain of the DOC's penal facilities, including LSCC: 1) supplement staffing of medical facilities at those penal institutions; and 2) perform utilization review services of requests made by prison medical practitioners for inmates to receive diagnostic or therapeutic care outside the confines of those institutions. Nurse Cornett is Advanced Practice Registered Nurse and an employee of CorrectCare.

In his initial Complaint, alleges that Defendants placed him in the special management unit for medical observation on December 14, 2012, following his return to LSCC from the Saint Claire Regional Medical Center for treatment of a "heart attack." According to Allman, the cell in which he was placed was filthy and unsanitary, which caused him to develop cellulitis. He claims that such actions constituted medical neglect and a violation of his rights guaranteed by the Eight Amendment of the United States Constitution. In his Second Complaint, he states that his alleged "heart attack," for which he was treated in December of 2012, was a manifestation of an untreated heart valve disorder. Allman believes Defendants have refused to treat his heart disorder with surgery in a concerted effort to save money. Allman claims Defendants actions constitute medical malpractice or support other claims brought pursuant to the Eight Amendment

In 1986, the United States Supreme Court set forth the standard for summary judgment in a trilogy of cases: *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Celotex v. Cartett*, 477 U.S. 317. 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89

L.Ed.2d 538 (1986). Following this precedent and Fed.R.Civ.P. 56©, the moving party is entitled to judgment as a matter of law when "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact." Summary judgment is mandated against a party who has failed to establish an essential element of his or her case after adequate time for discovery. In such a situation, there is no genuine issue of material fact as the failure to prove an essential fact renders all other facts irrelevant. *Celotex v. Cartett*, 477 U.S. at 322-323.

To establish a violation premised upon inadequate medical care under the Eighth Amendment to the U.S. Constitution or Section 17 of the Kentucky Constitution,16 a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance v. Northville Reg'l. Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). The standard for deliberate indifference includes subjective and objective components. *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). The subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent. *United States v. Michigan*, 940 F.2d 143, 154 n.7 (6th Cir. 1991). The offending conduct must be wanton in nature. It must be composed of "malicious and sadistic acts whose very purpose is to inflict harm." *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). The objective component of deliberate indifference to medical needs establishes that to an Eighth Amendment violation exists only if those needs are serious. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.1976).

Allman's claims do not meet the objective prong of a deliberate indifference claim as he fails to establish the requisite severity. Every cardiologist who examined and tested his heart valve regurgitation noted it was either mild or moderate. The records do establish an immediate need for treatment that was ignored. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).

Even if Allman were to successfully hurdle the objective test, his allegations also fall short of showing that Nurse Cornett acted with the high degree of culpability necessary to establish the subjective prong of a deliberate indifference claim. Allman was evaluated by a cardiologist at SCRMC after experiencing chest pain at LSCC. The cardiologist concluded that he only needed periodic monitoring for his heart valve regurgitation, which Nurse Cornett later explained to him. Further, Allman had a heart catheter inserted through a major blood vessel in his groin, and was put in observation to monitor his recovery. There is no evidence that Nurse Cornett acted with the sufficient culpability tantamount to the intent to punish him.

Allman's own allegations are fatal to his claim. He does not allege spite or animus toward him by Nurse Cornett, but instead suggests that the DOC's frugalness that prevented more suitable accommodations.

It is not entirely clear from his Complaints how Allman believes that CorrectCare was deliberately indifferent to his medical needs. Even if he could establish deliberate indifference by Nurse Cornett, he is unable to impute that liability to CorrectCare. Instead, he must show that CorrectCare acted in violation of the Eight Amendment. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). CorrectCare is not directly involved in the medical decisions made by prison staff, nor can it be vicariously liable for deliberate indifference based on allegations concerning Nurse Cornett. It approved requests for Allman to see several cardiologists, none of whom

4

recommended heart valve replacement surgery. There is no evidence that CorrectCare acted with the sufficient culpability.

Allman has failed to offer evidence of the objective and subjective prongs necessary to establish his deliberate indifference claims against Defendants. Therefore, Defendants are entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 23] be **SUSTAINED.**

This 26th day of June, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge